# Application of 44 U.S.C. § 1903 to Procurement of Printing of Government Publications

Section 1903 of title 44 of the United States Code does not prevent executive agencies from using private printers at agency expense to print copies of government publications for their own use while at the same time requisitioning depository copies from the Government Printing Office at GPO expense.

August 22, 2002

MEMORANDUM OPINION FOR THE ADMINISTRATOR FOR
FEDERAL PROCUREMENT POLICY
OFFICE OF MANAGEMENT AND BUDGET

You have asked for our interpretation of section 1903 of title 44 of the United States Code,[1] and what limitations that section may place on the procurement of printing of government publications by executive agencies in light of our previous advice that executive agencies may opt to use private printers rather than the Government Printing Office ("GPO"). We conclude that under the best reading of the statute, executive agencies may fulfill their own needs through use of private printers and, at the same time, have GPO provide and pay for the copies of the publication sent to the depository libraries.

Chapter 19 of title 44 requires that certain government publications "shall be made available to depository libraries through the facilities of the Superintendent of Documents for public information." 44 U.S.C. § 1902 (1994). For such publications, the Superintendent of Documents informs the component of Government ordering the printing of the number of copies needed for distribution to depository libraries. *See id*. § 1903. Under certain circumstances, discussed below, GPO pays for such copies. *See id*.

We have previously advised that executive branch departments and agencies need not procure printing through GPO. *See Involvement of the Government Printing Office in Executive Branch Printing and Duplicating*, 20 Op. O.L.C. 214, 221 (1996). We now conclude that for government publications that are to be made available to the depository libraries, executive agencies may "split" their orders. That is, the agency may procure the copies for its own use through private printers and have GPO provide and pay for copies to be sent to the depository libraries.

Section 1903 provides, in relevant part:

> Upon request of the Superintendent of Documents, components of
> the Government ordering the printing of publications shall either

---

[1] *See* 44 U.S.C. § 1903 (1994).

increase or decrease the number of copies of publications furnished for distribution to designated depository libraries . . . so that the number of copies delivered to the Superintendent of Documents is equal to the number of libraries on the list. . . .

The Superintendent of Documents shall currently inform the components of the Government ordering printing of publications as to the number of copies of their publications required for distribution to depository libraries. The cost of printing and binding those publications distributed to depository libraries obtained elsewhere than from the Government Printing Office, shall be borne by components of the Government responsible for their issuance; those requisitioned from the Government Printing Office shall be charged to appropriations provided the Superintendent of Documents for that purpose.

44 U.S.C. § 1903.

Because the statute refers both to copies of publications and to publications themselves, some ambiguity arises. Indeed, the statute uses both terms in the same sentence, giving rise to the implication that the two terms have different meanings. *See, e.g.*, *id.* (stating that "components of the Government ordering the *printing of publications* shall either increase or decrease the number of *copies of publications* furnished for distribution to designated depository libraries") (emphasis added). Taking seriously the possible distinction between copies of publications and publications, it could be argued that the full cost of printing any publication (including depository copies) not requisitioned entirely through GPO must be borne by the ordering component of Government. This is so because, on this reading, "those requisitioned from" GPO would refer to publications that are distributed to depository libraries and not merely to the copies of such publications that actually are so distributed.

We reject this construction, however. Giving effect to the possible distinction between copies of publications and publications undermines the statute. "[T]hose publications distributed to depository libraries" clearly refers to the same thing as "those requisitioned from the Government Printing Office." But if these phrases refer to the total publication rather than the copies sent to the depository libraries, the statute would require GPO to pay for the entire cost of printing every copy of the publication, as long as the agency requisitioned GPO to print the publication. Not only would this be an absurd result given GPO's role, but we understand that it is unsurprisingly contrary to practice, *see, e.g.*, Memorandum for Heads of Executive Departments and Agencies, from Mitchell E. Daniels, Jr., Director, Office of Management and Budget, *Re: Procurement of Printing and Duplicating through the Government Printing Office* at 1 (May 3, 2002) (noting that GPO charges agencies for printing services). Because "[s]tatutory construction is a

holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter," *Nat'l Bank of Or. v. Indep. Ins. Agents*, 508 U.S. 439, 455 (1993) (internal quotations and citation omitted), we decline to give effect to any possible distinction between "copies of publications" and "publications."

It follows that the statute provides that GPO shall cover the costs of producing the *copies* of publications that are to be distributed to the depository libraries, as long as the ordering component of Government requisitions GPO to produce those copies. Furthermore, the statute does not require that the ordering component of Government requisition every copy of the publication from GPO in order to have GPO pay for the depository copies. Accordingly, we conclude that section 1903 does not preclude agencies from splitting their orders by contracting with private printers to produce copies for their own use and requisitioning GPO to produce the depository copies.

In summary, executive agencies may split print orders, using private printers at agency expense for their own needs and requisitioning depository copies from GPO at GPO's expense. We note in passing that nothing in the statute requires GPO actually to produce the depository copies in a separate printing run. As GPO itself already contracts out most of its printing work, GPO could certainly choose to purchase the depository copies from the private printer selected by the executive agency.

JOAN L. LARSEN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*